UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DENNIS F. CHAPMAN
                Plaintiff,

v.                                  **Civil Docket No.:**

COUNTY OF ERIE
                Defendant.

## NOTICE OF REMOVAL

**TO:  THE CLERK OF THE UNITED STATES DISTRICT
      WESTERN DISTRICT OF NEW YORK**

      **PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§1441(a), (b) and 1446, the above-named defendant hereby removes to this Court the civil action filed in the Supreme Court of the State of New York, County of Erie, as described below.  A copy of all process, pleadings, and orders served on defendant is attached to this notice as Exhibit A.  As grounds for this removal, defendant states as follows:

      1.      On or about June 30, 2011, plaintiff, Dennis F. Chapman, commenced a civil action in New York State Supreme Court by filing of an order to show cause, an amended summons, and amended verified complaint.  Defendant was not served with a copy of the original summons or the original verified complaint.  Only the "amended" versions were served.  The New York State Supreme Court proceeding is captioned as set forth above.  The index number of the New York State Supreme Court action is I-2011/002574.  Plaintiff seeks relief related to the defendant's alleged failure to properly enact a redistricting/reapportionment plan for the Erie County Legislature.  Plaintiff alleges that the defendant's inaction is in violation of

the plaintiff's civil rights under 42 U.S.C. § 1983 and that there has been a failure to meet the Federal Constitutional mandate of one-man, one vote, in violation of the Equal Protection Clause of the 14th Amendment to the United States Constitution. Among other things, plaintiff seeks a court ordered plan of reapportionment.

2.      On or about June 30, 2011, defendant was served with an Order to Show Cause, amended summons, and an amended verified complaint in the above-referenced state court action. *See* Exhibit A.

3.      At the time of filing of this Notice, no further proceedings have been had in the New York state court action.

4.      Pursuant to 28 U.S.C. §1331 (federal question), the United States District Court for the Western District of New York has original jurisdiction over the action filed in New York State Supreme Court because it is a civil action that arises under the Constitution, laws, or treaties of the United States.

5.      Pursuant to 28 U.S.C. §1446(b), the defendant has timely filed this notice of removal within 30 days of the date that the defendant was served with the Order to Show Cause, the amended summons, and the amended verified complaint.

6.      Pursuant to 28 U.S.C. §1446(d), a copy of this notice is being filed with the clerk of the New York State Supreme Court and is being served on counsel for the plaintiff.

7.    No previous application has been made for the relief requested herein.


WHEREFORE, defendant requests that the action now pending in the New York State Supreme Court, County of Erie, be removed to this Court and that this Court accept this Notice of Removal for filing in accordance with the provisions of 28 U.S.C. §1441 *et seq.*

Dated: July 1, 2011
   Buffalo, New York


        JEREMY A. COLBY,
        Erie County Attorney
        Attorney for the Defendant

By:

        JEREMY A. COLBY
        ANTHONY G. MARECKI
        Assistant County Attorney
        95 Franklin Street, Room 1634
        Buffalo, New York 14202
        (716) 858-2235


TO: **CANTOR, LUKASIK, DOLCE & PANEPINTO, PC**
   Attorneys for Plaintiff
   (Marc C. Panepinto, Esq. and
   Sean Cooney, Esq., of Counsel)
   1600 Main Place Tower
   350 Main Street
   Buffalo, New York 14202
   (716) 852-1888

## INDEX OF DOCUMENTS FILED IN STATE COURT
## PRIOR TO REMOVAL

<u>Documents</u>                                                    <u>Date of Filing</u>

A.    Order to Show Cause, Amended Summons, and                    June 30, 2011
      Amended Verified Complaint

- 4 -

## CERTIFICATE OF SERVICE

The undersigned, being over 18 years of age and not a party to this action hereby certifies that on July 1, 2011, he caused a true and correct copy of the foregoing Notice of Removal, with index and exhibits, to be served upon the plaintiff in this action by causing the same to be delivered via hand delivery to his attorney at the following addresses:

Marc C. Panepinto, Esq. and
Sean Cooney, Esq.
Attorneys for Plaintiff
1600 Main Place Tower
350 Main Street
Buffalo, New York 14202
(716) 852-1888

Dated: July 1, 2011
      Buffalo, New York

Anthony G. Marecki

# EXHIBIT A

**FILED**

ACTIONS & PROCEEDINGS

JUN 3 0 2011

ERIE COUNTY
CLERK'S OFFICE

At a Special Term of the Supreme
Court held in and for the County of
Erie, at the Courthouse in the City of
Buffalo, New York on the 30th day
of June, 2011.

PRESENT: <u>HON. JOSEPH R. GLOWNIA</u>
**Justice Presiding**

**P A I D**
CHECK_____ CASH_____

JUN 3 0 2011

STATE OF NEW YORK
SUPREME COURT : COUNTY OF ERIE

ERIE COUNTY
CLERK'S OFFICE

DENNIS F. CHAPMAN
3715 Woodhaven Circle
Hamburg, NY 14075

**ORDER TO SHOW CAUSE**

Plaintiff,

-vs-

**INDEX NO. I-2011/002574**

This paper received at the
IASJ HON. JOSEPH R. GLOWNIA's Erie County Attorney's Office
from Sean Cooney on
the 33 day of June, 2011
at 355 a.m./p.m.

S McC
Assistant County Attorney
Amy McCabe

COUNTY OF ERIE
95 Franklin Street
Buffalo, NY 14202

Defendant.

Upon the attorney's affirmation of Marc C. Panepinto, dated the 30th day of June,

2011, and upon the Amended Summons and Amended Complaint previously filed in this

action and upon all other papers in this action, and

**DUE DELIBERATION** having been had, it is hereby,

**ORDERED**, that the Defendant **COUNTY OF ERIE**

**SHOW CAUSE BEFORE THIS COURT**, at a Special Term, Supreme Court, to

be held in and for the County of Erie, State of New York, in the Courthouse in the City of

Buffalo, at 25 Delaware Avenue, Part 6, on the 5ᵗʰ day of July, 2011 at 10:00 o'clock in the *fore* noon of that day, or as soon thereafter as counsel can be heard,

Why an order and injunction should not be made and entered in this action, granting the following relief:

1)      Immediately implementing a districting plan for the Erie County
         Legislature for the 2011 election; and

2)      Granting such other, further and different relief as this Court shall
         deem just, proper and equitable, including awarding the attorneys fees
         for the Plaintiff together with costs and disbursements herein, as may be
         authorized by applicable statute.


### SERVICE OF PROCESS:

And it is further,

**ORDERED**, that service of a conformed copy of this order and the underlying attorney's affirmation, together with the service of the Amended Summons and the Amended Complaint upon the Defendant County of Erie, shall be deemed good and sufficient if accomplished as follows:

Service of a copy of such papers upon the offices of the Erie County Attorney:

By the delivery of a copy thereof to a person authorized to accept

service at the offices of the Erie County Attorney; 95 Franklin Street –

Suite 1634, Buffalo, NY 14202.


Such service shall be completed by 5:00 P.M. on the 30th day of June, 2011; and it

is further,

**ORDERED,** that the Defendant shall submit responding papers to the

Court, and to Plaintiff's counsel, no later than *9:00am* on the *5th* day of July, 2011.



_S/JOSEPH R. GLOWNIA, J.S.C._
JOSEPH R. GLOWNIA
JUSTICE OF THE SUPREME COURT
COUNTY OF ERIE

GRANTED: June 30, 2011          **GRANTED**

JUN **3 0** 2011

BY S/ WENDY K. HASELEY
                WENDY K. HASELEY
                COURT CLERK

_____
Court Clerk

STATE OF NEW YORK
SUPREME COURT : COUNTY OF ERIE

―――――――――――――――――――――――――――――――――――――――

**DENNIS F. CHAPMAN**
**3715 Woodhaven Circle**
**Hamburg, NY 14075**

              **Plaintiff,**

    **-vs-**

**COUNTY OF ERIE**
**95 Franklin Street**
**Buffalo, NY 14202**

           **Defendant.**

           **ATTORNEY AFFIRMATION**

           **INDEX NO. I-2011/002574**

           **IASJ HON. JOSEPH R. GLOWNIA**

―――――――――――――――――――――――――――――――――――――――

STATE OF NEW YORK }
COUNTY OF ERIE     } ss:

      Marc C. Panepinto, Esq., an attorney at law, duly admitted to the practice of law in the courts of the State of New York, under penalty of perjury, does affirm:

    1.    I am one of the attorneys for the Plaintiff in this action and am fully familiar with the facts and circumstances relevant to this motion for certain expedited relief and make this affirmation in support of the expedited relief requested herein.

    2.    As indicated in the body of the Amended Complaint, due to the inaction of the Defendant, there is now an urgent need for the Court to immediately implement

relief, in order that the Plaintiff's right to have a constitutionally valid districting plan for the Erie County Legislature for the 2011 election can be preserved.

3. It is imperative that a districting plan be imposed immediately by this Court for all the reasons specifically outlined in the Amended Complaint.

4. Even with immediate relief, there will be less than fourteen (14) days during which signatures can be gathered on designating petitions for any of the county legislative positions throughout the county generally and in particular, for the Plaintiff's district in which he resides.

5. It is therefore necessary that this Court direct the Defendant to appear in court immediately so that necessary and meaningful relief can be implemented – primarily, by the imposition of a/some districting plan which will meet the constitutional and statutory requirements and the "one person, one vote" standard.

6. On behalf of the Plaintiff, it is therefore requested that this Court direct all parties to appear immediately and forthwith, so that the necessary emergency relief can be determined and granted.

7. It is requested that given that there is a single Defendant and that both parties and counsel are quite familiar with issues presented and the relief needed, that

this request for expedited, injunctive relief be made returnable before this Court within twenty four (24) hours of the granting of this order to show cause.

8.    No previous relief has been made to any court for the relief sought herein and, to the best of affirmant's knowledge, there is no other case pending in any other court which would involve the issues presented in this action.

**WHEREFORE**, it is requested that this Court direct an appearance forthwith by counsel for both parties to address the immediate need for the implementation of a districting plan for the Erie County Legislature for the 2011 election.

Affirmed: June 30, 2011

_____
Marc C. Panepinto, Esq.

STATE OF NEW YORK
SUPREME COURT: COUNTY OF ERIE

**F I L E D**
ACTIONS & PROCEEDINGS

JUN 3 0 2011

**ERIE COUNTY
CLERK'S OFFICE**

DENNIS F. CHAPMAN,
3715 Woodhaven Circle
Hamburg, NY 14075

Plaintiff,

-vs-

COUNTY OF ERIE
95 Franklin Street
Buffalo, NY 14202

Defendant.

<u>AMENDED SUMMONS</u>

INDEX NO. I-2011/002574

This paper received at the
Erie County Attorney's Office
from Sean Cooney on
the 3o day of June, 20 11
at 3:55 a.m./p.m.

Assistant County Attorney
Amy McCabe

## TO THE ABOVE-NAMED DEFENDANT:

**YOU ARE HEREBY SUMMONED** to appear and answer the Amended Verified Complaint attached hereto, in this action, by serving a copy of your Answer on the Plaintiff's Attorney within twenty (20) days after the service of this Summons, exclusive of the day of service (or within thirty (30) days after the service is completed if this Summons is not personally delivered to you within the County of Erie, State of New York); and in case of your failure to appear and answer, judgment pursuant to CPLR Section 3001 will be taken against you by default for the relief demanded in the Amended Complaint attached hereto.

Plaintiff designates Erie County as the place of trial. The basis of venue is the residence of the Plaintiff and the place of business of the Defendant, which are both within the County of Erie and State of New York.

Dated: June 29, 2011

CANTOR, LUKASIK, DOLCE & PANEPINTO, PC
Marc C. Panepinto, Esq. & Sean Cooney, Esq.
Of Counsel
Co-Counsel for the Plaintiff
(Office for service of all papers on Plaintiff's counsel)
1600 Main Place Tower – 350 Main Street
Buffalo, NY 14202
(716) 852-1888

JEROME D. SCHAD, ESQ.
Co-Counsel for Plaintiff
199 Meadowview Lane
Williamsville, NY 14221
(716) 634-8906

JEFFREY MARION, ESQ.
Co-Counsel for the Plaintiff
17 Beresford Court
Williamsville, NY 14221
(716) 565-2000

To: JEREMY A. COLBY, ESQ.
    ERIE COUNTY ATTORNEY
    95 Franklin Street - 16th Floor
    Buffalo, NY 14202
    (716) 858-2200

ACTIONS & PROCEEDINGS
FILED
JUN 3 0 2011
ERIE COUNTY
CLERK'S OFFICE

STATE OF NEW YORK
SUPREME COURT: COUNTY OF ERIE
_____

DENNIS F. CHAPMAN                              **AMENDED**
3715 Woodhaven Circle                          **VERIFIED COMPLAINT**
Hamburg, NY 14075
                    Plaintiff,

         -vs-                                  INDEX NO. I-2011/002574

COUNTY OF ERIE
95 Franklin Street
Buffalo, NY 14202
                    Defendant.
_____

         **Dennis F. Chapman**, the Plaintiff herein, by his **Co-Counsel, Cantor,
Lukasik, Dolce & Panepinto, P.C., Jerome D. Schad, Esq. and Jeffrey Marion.
Esq.**, as and for his Amended Verified Complaint, does allege:

         1.      This is a plenary action for a declaratory judgment pursuant to CPLR
Section 3001 and 42 U.S.C. Section 1983.

         2.      The purpose is for a judgment of this Court declaring:

                 1) that the failure of the Defendant to properly enact, in
                 a timely manner, a constitutional and statutorily valid
                 re-districting plan for the Erie County Legislature, for the
                 2011 election, is a violation of the Plaintiff's civil rights under 42
                 U.S.C. Section 1983, as provided by the US Constitution and the
                 Equal Protection Clause of the 14th Amendment thereto; and that
                 2) such failure is "state action" in violation of the Defendant's
                 constitutional and statutory duties (both federal and state) to
                 complete such re-districting in a timely fashion; and,
                 3) the recent amendment of the Erie County Charter, Section 201,
                 providing for the reduction of the number of districts and legislation
                 for the Erie County Legislature, from fifteen (15) to eleven (11) as
                 illegal and in violation of New York State Municipal Home Rule
                 Law (hereinafter, "MHRL"), Section 10(1)(ii)(a)(13)(f) – prohibition
                 against "re-structuring" a legislative body more than once in a
                 decade.

# I. PARTIES:

3.      Plaintiff is a resident of the County of Erie and State of New York, residing at 3715 Woodhaven Circle in the Town of Hamburg and a citizen of the United States of America and, as such, entitled to his constitutional and civil rights under the US Constitution, the New York State Constitution, the laws of the State of New York and the Charter of the County of Erie.

4.      The Defendant County of Erie is the governmental entity which includes the Erie County Legislature and the Erie County Executive and all the departments of the government of Erie County, New York.

5.      Both such branches in their (unsuccessful) attempts to perform the duties of their respective offices, although required to do so by federal and state constitutional and statutory law, have failed to complete the proper re-districting for the Erie County Legislature – in violation of the Plaintiff's constitutional rights

6.      Both such branches of county government did coordinate and assist in the enactment of the approval of a referendum which purports to reduce the size of the Erie County Legislature from fifteen (15) district legislators to eleven (11) district legislators to be effective January 1, 2012.

## Other Possible Parties

7.      No other parties have a direct interest in the outcome of this case, such that they are necessary parties to this legal action. If there are any other interested parties, while not being "necessary" parties, they may always be joined under the joinder provision of CPLR , Sections 1001 and/or 1002 – or permitted to intervene, under CPLR Section 1012.

## II. JURISDICTION:

8.      Under the provisions of CPLR Section 3001, Supreme Court has the authority to enter a judgment declaring the rights of parties in such a legal action.

9.      To seek a determination of the violation of the Plaintiff's constitutional rights for a proper districting plan pursuant to the "one person, one vote" standard as mandated by the equal protection clause of the 14th Amendment

2

to the US Constitution and to challenge the legality of a legislative enactment under the New York State Municipal Home Rule Law, including one having already been submitted to a mandatory referendum by the voters, the proper procedure to establish the Plaintiff's rights is by such an action for a declaratory judgment.

10.   Likewise, cases arising under 42 U.S.C. Section 1983 are appropriately handled in state as well as federal courts and so that cause of action is properly before this Court, as well.

### III. **VENUE:**

11.   The Plaintiff and the Defendant are both either residents of or are situated within Erie County.

12.   In addition, no other persons or entities outside of Erie County have a direct interest in the outcome of this case.

### IV. **STANDING TO SUE:**

13.   The Plaintiff, as a resident of the County of Erie, a US citizen and a registered voter, is affected by the failure of the Defendant to properly enact a re-districting plan for the 2011 election and by the prior enactment of the subject "downsizing" local law which purported to amend the county charter, as well.

14.   As a citizen of and registered voter in Erie County, the Plaintiff has standing to commence this action for a declaratory judgment as to the legal status of these questions involving his constitutional, civil and statutory rights..

15.   Since the verification and the filing of the original Complaint in this action, the (in)action of the Erie County Legislature and the County Executive in failing to enact a proper and legal districting plan for the 2011 election, has added the additional problem of having no plan for the any districts.

16.   The First Cause of Action herein thus became timely and essential to adjudicate simultaneously along with the issue of the propriety of the alleged downsizing and thus the original Complaint has been amended pursuant to CPLR Rule 3025, prior to the service of the original Complaint.

3

## AS AND FOR A FIRST CAUSE OF ACTION:

## FAILURE TO HAVE ANY DISTRICTING PLAN IN PLACE, IN A TIMELY MANNER, FOR THE 2011 ELECTION

### Relevant Facts For First Cause of Action

17.     On or about the 16th day of June, 2011, the Erie County Legislature did approve a local law regarding the re-districting of the Legislature (hereinafter, the "Democratic Plan") by an 8-7 affirmative vote, providing for eleven (11) districts.

18.     On or about the 27th day of June, 2011, County Executive Chris Collins did veto such plan.

19.     As of this time, the vote on the attempt to override the County Executive's veto is scheduled for Thursday, June 30, 2011, at the 2:00 p.m. meeting of the County Legislature. An affirmative vote of two-thirds (2/3) of the fifteen (15) members will be required to override such veto.

20.     However, since the six (6) member Republican minority caucus has now announced that all its members will vote to sustain the County Executive's veto, it is clear that as of Thursday afternoon, June 30, 2011, Erie County will have no districting plan for a new eleven (11) member County Legislature which is set to be elected in November, 2011.

21.     With only two (2) weeks left in the 5½ weeks allotted for designating petitions by Article 6 of the New York State Election Law, and with the outlines of the county legislative districts (whether it is 15 or 11) nowhere in sight, immediate and drastic action must be taken to ensure that the rights of the citizen Plaintiff as well as all candidates who would seek such offices may be safeguarded.

### Remedies:

22.     Given the short period of time left in the designating petition period, the remedies available to the Court are limited.

23.     Because of the time deadlines imposed upon the Board of Elections for finalizing the content of ballots by the new Federal Military and Overseas

4

Voter Empowerment (MOVE) Act (Public Law No. 111-84, Subtitle H), the possibility of extending the period of time within which designating petitions can be signed is not realistic..

24.     The remedies available to the Court are varied but notwithstanding whichever one is selected, quick and decisive action is most important.

### 1.  Implement the Only Legislatively Approved Plan for an Eleven (11) District Legislature:

25.     One plan of apportionment – the so-called Democratic Plan – has received legislature majority approval, by an 8-7 approval, assuming the validity of the downsizing from 15 to 11.

26.     Admittedly, it was vetoed by the County Executive, on or about June 27, 2011. However, no other plan has ever received such a majority approval.

27.     Further, based upon the public statement of six (6) members of the current fifteen (15) member Legislature, it is reasonably certain the scheduled override of the County Executive veto – which would require ten (10) affirmative votes – will fail, at the Thursday, June 30th meeting.

28.     The veto prevents the Legislatively enacted plan from becoming law under the standard procedure for the adoption of a local law.

29.  ·   However, no such action (i.e. executive approval) is required for a judicially approved implementation of a re-districting plan.

30.     If the Court believes, as does the Plaintiff, that speed and alacrity are most important at this time, due to the long delay created by the Defendant's failure to perform its constitutional and statutory duties that is the best possible alternative at this time.

### 2.     Implement an Alternative Plan.

31.     Alternatively, this Court can simply impose a proper plan of its own design – assuming that there would be sufficient time to meet the calendar requirements – which would appear to be very unlikely at this late stage.

32.     Or other interested parties could likewise submit proposal(s) which the Court could review and consider before imposing a single plan.

33.    However, it is the shortness of the election calendar that requires a quick decision – whichever one it is.

## AS AND FOR A SECOND CAUSE OF ACTION:

## ILLEGAL SECOND RESTRUCTURING OF
## LEGISLATURE WITHIN THE SAME DECADE

34.    Plaintiff repeats and re-alleges all the allegations contained in Paragraphs 1-33 above.

35    By the enactment of the 2010 reduction in the size of the Erie County Legislature, the Defendant County of Erie is attempting the second such reduction within an eight (8) year period.

36.    The New York State Municipal Home Rule Law (hereinafter "MHRL"), Section 10(1)(a)(13)(f), provides that no local legislative body may "re-structure" itself more than once in any decade.

37.    It is unquestioned that a reduction in the size of a legislative body is a "restructuring" within the meaning of MHRL, Section 10.

38.    Similarly, to enact a second "restructuring" by reducing the size of the Erie County Legislature for the second time within a ten (10) year period is a clear violation of that prohibition contained in MHRL, Section 10.

39.    For that reason, the Court is being asked to enter a judgment pursuant to CPLR, Section 3001, declaring that the enactment of the 2010 local law purporting to reduce the size of the Erie County Legislature from fifteen (15) to eleven (11) is a violation of MHRL, Section 10, and is thus null and void.

40.    The Court should further declare that the existing charter provision providing for a fifteen (15) member County Legislature remains in effect and that elections for the county legislature, scheduled for 2011, shall proceed on the basis of fifteen (15) such legislative districts.

## Background History on Downsizing Issue

41.    The original Charter of Erie County, enacted and approved in 1967, provided in Article 2, Section 201 for the election of a twenty (20) member County Legislature, from twenty (20) legislative districts.

42.    By a local law approved by a referendum of the voters of Erie County in June, 1983, Section 201 of the Charter was amended to provide for a seventeen (17) member legislature with seventeen (17) legislative districts.

43.    In 2002, such section of the Charter was again amended by a voter-approved referendum, whereby the number of legislators and legislative districts was reduced to fifteen (15), effective for the 2003 elections.

44.    Each such "restructuring" of the Erie County Legislature took place more than ten (10) years after the previous restructuring.

### Recent History

45.    In March, 2010, the Erie County Legislature approved a local law for submission to the voters of Erie County, for their approval at the 2010 November general election.

46.    Such local law, amending Section 201 of the Erie County Charter, provided for yet another reduction in the size of the County Legislature (from fifteen (15) to eleven (11), effective for the November, 2011 local election and with terms to commence January 1, 2012, was approved by the voters.

47    If upheld, such law will require the redistricting of the Erie County Legislature for the 2011 election into eleven (11) legislative districts at the same time of the constitutionally required reapportionment for the full general election, as based upon the 2010 U.S. Census population data.

48.    Thus, this Court's determination of the legality (or lack thereof) of the most recent reduction in the size of the County Legislature, will determine the number of districts into which the County must then be redistricted and then apportioned.

49.     Section 10(1)(13)(f) of the Municipal Home Rule prohibits any restructuring of a local legislative body more than "once in each decade".

50.     The common understanding and dictionary definition of a decade is a period of ten (10) years.

51.     The obvious intent of the statute – which applies to all local legislative bodies without exception – is to prevent swings in the structure of a legislative body, back and forth over short periods of time.

52.     It obviously was meant to prevent significant and recurring changes in a local government's "structure" and to prevent a new majority coming into control and making radical change – or changes – over a short period of time.

53.     The key element of the statutory intent is to ensure the particular governmental structure's stability, without wild swings between different forms of government structure.

54.     The statute provides for at least a ten (10) year period (a decade) under which a legislative body must operate – once a change in its structure has been made (and whatever that change might be).

55.     One could see it as giving a structural change the needed time for those governed to see how the change works.

56.     The ten (10) year prohibition on a second change in a legislative body's structure has been held by the Courts to be mandatory.

57.     Any prohibited restructuring enacted by a legislative body within a ten (10) year period – even one subsequently "approved" by the voters at a referendum - must be invalidated as a violation of the ten (1) year prohibition contained in MHRL. Section 10.

58.     In the present case, the relevant facts are undisputed.

59.     The last restructuring of the Erie County Legislature occurred in 2002, to be effective at the 2003 general election.

60.     The second (and most recent) restructuring took place in 2010, to be effective at the 2011 general election.

8

61.    Since there is only an eight (8) year period between the 2003 and the 2011 restructuring, the most recent "reduction" of the Erie County Legislature by referendum from fifteen (15) to eleven (11) was illegal as a violation of MHRL Section 10.

62.    The Court should therefore enter a judgment declaring such enactment null and void and further, that the previous provision of Section 201 of the Erie County Charter, providing for a fifteen (15) member and fifteen (15) district body remains in effect, for the 2011 election calendar.

### Conclusion:

63.    At this time, whether the proper size of the Legislature is 15 or 11, there is simply no legal plan for legislative districting and nothing which guarantees the Plaintiff his constitutional right to a county-wide districting plan that complies with the "one person, one vote" mandate of the equal protection clause of the 14th Amendment.

64.    In the absence of such a plan, the civil rights of the Plaintiff have been and continue to be violated.

65.    This Court, under the provisions of 42 U.S.C. Section 1983 has the authority to adjudicate such claims and to render a judgment providing for the necessary relief to uphold the Plaintiff's constitutional right for a valid districting plan meeting the "one person, one vote" standard – regardless of whether it is under a fifteen (15) member or an eleven (11) member plan.

### Relief Sought:

66.    There is a very real and actual controversy between the constitutional rights of the Plaintiff and the (in)action of the Defendant County of Erie.

67.    First and foremost, to ensure that the Plaintiff's constitutional rights are guaranteed, this Court must immediately implement by a swift and prompt decision, a constitutional plan for the election of the Erie County Legislature, for the next ten (10) years, for this year's election and under the calendar established by the New York State Legislature for the 2011 election year.

68.    The equitable relief sought herein is necessary because there is no adequate remedy at law available to the Plaintiff to enforce his constitutional rights.

9

69.    The Plaintiff will suffer irreparable injury as a result of the actions and omissions (and if they are permitted to continue) as outlined herein.

70.    Immediate assistance is required on the Plaintiff's behalf, through the injunctive relief that is being sought simultaneously with this action for both the short term and the long term.

71.    No previous request has been made to any other court for the relief being sought herein.

72.    To the best of Plaintiff's knowledge, there are no other actions or proceedings pending in any court which seek the same or similar relief as is requested herein.

**WHEREFORE.**  Plaintiff respectfully requests that the Court enter a judgment, pursuant to CPLR. Section 3001 and 42 U.S.C. Sections 1983 and 1988:

### 1. As for the First Cause of Action - The Failure to Have Any Re-Districting Plan in Place for 2011 Election:

1.    Regardless of this Court's determination as to whether the proper number of legislative districts should be fifteen (15) or eleven (11), a declaration that there is currently no legal, constitutional or proper plan in effect for the districting of the Erie County Legislature for the 2011 election; and

2.    That the failure of the Defendant to properly re-district the County Legislature for the 2011 election, is a violation of the Plaintiff's civil right to equal protection ubder the law, as guaranteed by the 14th Amendment, under the provisions of 42 U.S.C. Section 1983; and,

3.    That the Plaintiff is entitled to a judgment of this Court declaring such a violation and for the implementation by this Court, of a constitutionally and statutorily permissible districting plan for the Erie County Legislature – for either fifteen (15) or eleven (11) districts, as this Court may properly determine; and,

4.    That such declaratory judgment also provide for such adjustment and modifications to the requirements of Article 6 of the New York State Election Law, as will permit the proper designation of candidates for the Erie County Legislature under the provisions of the 2011 Election Calendar, as approved by the New York State Legislature; and,

10

5.    Awarding the Plaintiff's attorneys reasonable counsel fees and costs for the necessity of bringing this action, pursuant to the authority of 42 U.S.C. Section 1988; and,

### 2. As for the Second Cause of Action: The Illegal Re-Structuring Of a County Legislative Body Twice Within a Ten Year Period:

6..    Declaring that the enactment of the 2010 local law which purports to amend Section 201 of the Erie County Charter, constitutes a second restructuring within a decade, in violation of New York State MHRL, Section 10; and

7.    Declaring that such purported reduction of the Erie County Legislature from fifteen (15) members and districts to eleven (11) members and districts was illegal and was and is null and void; and

8.    Declaring that the 2011 election for the Erie County Legislature will proceed on the basis of a fifteen (15) member and fifteen (15) district legislative body; and

9.    Granting such other, further and different relief, as may appear to the Court to be just and proper.


DATED:  June 29, 2011
        Buffalo, New York

                                            _Dennis F. Chapman_
                                            Dennis F. Chapman, Plaintiff

CANTOR, LUKASIK, DOLCE &
PANEPINTO, PC, Marc C. Panepinto, Esq.
& Sean Cooney, Esq. Of Counsel
Co-Counsel for the Plaintiff
(Office for service of all papers on Plaintiff's
counsel)
1600 Main Place Tower – 350 Main Street
Buffalo, NY 14202
(716) 852-1888

JEROME D. SCHAD, ESQ.
Co-Counsel for Plaintiff
199 Meadowview Lane
Williamsville, NY 14221
(716) 634-8906

JEFFREY MARION, ESQ.
Co-Counsel for the Plaintiff
17 Beresford Court
Williamsville, NY 14221
(716) 565-2000

To: JEREMY A. COLBY, ESQ.
    ERIE COUNTY ATTORNEY
    95 Franklin Street - 16th Floor
    Buffalo, NY 14202
    (716) 858-2200

12

## VERIFICATION:

STATE OF NEW YORK)
COUNTY OF ERIE       ) ss.:

    **DENNIS F. CHAPMAN** being duly sworn deposes and says that he is the Plaintiff in this action; that he has read the foregoing **AMENDED COMPLAINT** and knows the contents thereof; that the same is true to the knowledge of deponent, except as to the matters therein stated to be alleged on information and belief, and that as to those matters he believes it to be true.

                                      **Dennis F. Chapman**

Sworn to before me this
26th day of June. 2011

Jerome D. Schad
Notary Public – State of New York
Qualified in Erie County
My Commission Expires _June 30, 2015_

13